[This opinion has been published in *Ohio Official Reports* at 176 Ohio St.3d 1209.]

DISCIPLINARY COUNSEL *v*. FANNIN.

[Cite as *Disciplinary Counsel v. Fannin*, 2024-Ohio-1380.]

(No. 2023-1400—Submitted April 9, 2024—Decided April 12, 2024.)

ON CERTIFICATION OF DEFAULT.

————————————

{¶ 1} The Board of Professional Conduct filed a certification of default in the office of the clerk of this court on November 3, 2023. On December 4, 2023, this court imposed an interim default suspension upon respondent, Steven Scott Fannin, pursuant to Gov.Bar R. V(14)(B)(1). The parties were ordered to show cause why the interim default suspension should not be converted into an indefinite suspension, and respondent was ordered to show cause why restitution should not be ordered. No objections were filed, and this cause was considered by the court.

{¶ 2} On consideration thereof, it is ordered and adjudged by this court that pursuant to Gov.Bar R. V(14)(E)(1), respondent, Steven Scott Fannin, Attorney Registration No. 0085907, last known business address in Fairlawn, Ohio, is indefinitely suspended from the practice of law.

{¶ 3} It is further ordered that respondent shall make restitution on or before 90 days from the date of this order to Betty Davenport in the amount of $490; Dustin Gary in the amount of $820; Timothy Pluhar in the amount of $1,500; Jill Gonzalez in the amount of $2,300; Dustie Pokorny in the amount of $1,500; BWS Developmental Care Center in the amount of $750; Linda Clark in the amount of $1,133; James Ketchum in the amount of $2,763.75; LaShea Galvin in the amount of $1,200; Edward Sturkey in the amount of $5,000; Richard Winship in the amount of $595; Patricia Merlitti in the amount of $2,100; David Gray in the amount of $2,200; Thomas Tauer in the amount of $2,000; Sarah Sturkey in the amount of $2,300; Emily Spencer in the amount of $150; Kelly Brady in the amount of $1,800;

Christopher Kline in the amount of $1,750; Candace Rae McClain in the amount of $2,109.67; Brian Gibson in the amount of $1,500; and the Ohio Board of Professional Conduct in the amount of $30,791.14.

{¶ 4} It is further ordered that respondent immediately cease and desist from the practice of law in any form and that respondent is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency, or other public authority.

{¶ 5} It is further ordered that respondent is hereby forbidden to counsel, advise, or prepare legal instruments for others or in any manner perform legal services for others.

{¶ 6} It is further ordered that respondent is hereby divested of each, any, and all of the rights, privileges, and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

{¶ 7} It is further ordered that before entering into an employment, contractual, or consulting relationship with any attorney or law firm, respondent shall verify that the attorney or law firm has complied with the registration requirements of Gov.Bar R. V(23)(C). If employed pursuant to Gov.Bar R. V(23), respondent shall refrain from direct client contact except as provided in Gov.Bar R. V(23)(A)(1) and from receiving, disbursing, or otherwise handling any client trust funds or property.

{¶ 8} It is further ordered that pursuant to Gov.Bar R. X(13), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month, of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(13), respondent shall complete one credit hour of instruction related to professional conduct required by Gov.Bar R. X(3)(B) for each six months, or portion of six months, of the suspension.

{¶ 9} It is further ordered by the court that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against

2

respondent by the Lawyers' Fund for Client Protection pursuant to Gov.Bar R. VIII(7)(F). It is further ordered by the court that if after the date of this order, the Lawyers' Fund for Client Protection awards any amount against respondent pursuant to Gov.Bar R. VIII(7)(F), respondent shall reimburse that amount to the Lawyers' Fund for Client Protection within 90 days of the notice of that award.

{¶ 10} It is further ordered that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar of Ohio, (2) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio, (3) respondent complies with this and all other orders of the court, and (4) this court orders respondent reinstated.

{¶ 11} It is further ordered that on or before 30 days from the date of this order, respondent shall do the following:

{¶ 12} 1. Notify all clients being represented in pending matters and any cocounsel of respondent's suspension and consequent disqualification to act as an attorney after the effective date of this order and, in the absence of cocounsel, also notify the clients to seek legal services elsewhere, calling attention to any urgency in seeking the substitution of another attorney in respondent's place;

{¶ 13} 2. Regardless of any fees or expenses due, deliver to all clients being represented in pending matters any papers or other property pertaining to the client or notify the clients or cocounsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

{¶ 14} 3. Refund any part of any fees or expenses paid in advance that are unearned or not paid and account for any trust money or property in the possession or control of respondent;

{¶ 15} 4. Notify opposing counsel or, in the absence of counsel, the adverse parties in pending litigation of respondent's disqualification to act as an attorney

after the effective date of this order and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

{¶ 16} 5.  Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

{¶ 17} 6.  File with the clerk of this court and disciplinary counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of the notices required herein, and setting forth the address where respondent may receive communications; and

{¶ 18} 7.  Retain and maintain a record of the various steps taken by respondent pursuant to this order.

{¶ 19} It is further ordered that respondent shall keep the clerk and disciplinary counsel advised of any change of address where respondent may receive communications.

{¶ 20} It is further ordered that service shall be deemed made on respondent by sending this order, and all other orders in this case, to respondent's last known address.

{¶ 21} It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(17)(E)(1) and that publication be made as provided for in Gov.Bar R. V(17)(E)(2).

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, and DETERS, JJ., concur.

BRUNNER, J., not participating.

_____